10/11/2021 9:56 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 58052435
By: Maria Rodriguez
Filed: 10/11/2021 9:56 AM

CAUSE NO. _____

| | | |
|---|---|---|
| ROBERT ISAACKS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, T E X A S |
| | § | |
| HSC FREIGHT, INC. and | § | |
| RONALD RATNESH PRASAD | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION, RULE 193.7 NOTICE, AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff ROBERT ISAACKS (hereinafter referred to as "Plaintiff"), and files

this Original Petition, Rule 193.7 Notice, and Jury Demand on Defendants HSC FREIGHT, INC. and

RONALD RATNESH PRASAD (hereinafter "Defendants"), and for cause of action would respectfully

show unto the Court the following:

### I.    DISCOVERY CONTROL PLAN

Plaintiff hereby requests that discovery in this case be conducted pursuant to Texas Rule of

Civil Procedure 190.1 and 190.4. Plaintiff files this petition under a Level 3 Discovery Control Plan.

### II.    CLAIM FOR RELIEF

In accordance with Rule 47 of the Texas Rules of Civil Procedure, this is a claim for monetary

relief in an amount over $1,000,000 including a demand for judgment for all other relief to which

Plaintiff may show himself to be entitled, including—but not limited to—damages of any kind,

penalties, costs, expenses, pre-judgment interest, and post-judgment interest.

### III.    PARTIES

Plaintiff is a resident of Harris County, Texas.

Defendant, HSC FREIGHT, INC. (hereinafter "HSC Freight") is a Foreign For Profit

Corporation located at 645 Dody Dr., Manteca, California 95337 . Defendant HSC Freight is engaged

in business in the State of Texas but does not maintain a regular place of business or a designated agent

1

Ex3_Federal Notice of Removal Appendix

for service of process.  For these reasons, Plaintiff requests that services of process be made pursuant to Tex. Civ. Prac. & Rem. Code 17.044 by serving the Texas Secretary of State and having the Texas Secretary of State serve a copy of process and the petition to Defendant at 645 Dody Dr., Manteca, California 95337.

Defendant RONALD RATNESH PRASAD (hereinafter "Prasad") is a resident of Modesto, California.  Defendant can be served with process pursuant to Texas Rules of Civil Procedure 106(a) by delivering to Defendant, in person, a true copy of the Citation of this Petition at his place of residence, 313 Lake Head Lane, Modesto, California 95354, or wherever he may be found.

## IV.    JURISDICTION & VENUE

The Court has jurisdiction over the subject matter of this suit and the amount in controversy is above the minimum jurisdictional limits of this Honorable Court.

All or a substantial part of the events or omissions giving rise to Plaintiff's causes of action occurred in Harris County, Texas.  Therefore, venue is proper pursuant to §15.001 and §15.002(a)(1) of the Texas Civil Practice & Remedies code.

All conditions precedent, if necessary, have occurred.

Nothing Plaintiffs did caused or contributed to this occurrence.

## V.    FACTS

On April 9, 2021 Plaintiff was traveling southbound on Thompson Road when Defendant Ronald Prasad failed to maintain a single lane and violently struck Plaintiff's vehicle.  At all relevant time, Defendant Ronald Prasad was in the course and scope of his employment with HSC Freight, Inc. Defendant Ronald Prasad was negligent for, amongst other things, failing to maintain a single lane, driving distracted, and colliding with Plaintiff's vehicle.  Defendants' actions and/or omissions proximately caused the collision made the basis of this lawsuit.

As a proximate result of the collision, Plaintiff suffered injuries and damages.

Ex3_Federal Notice of Removal Appendix

Plaintiff reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

## VI.  CAUSES OF ACTION

### A. *Negligence of Defendant Ronald Prasad*

The above described collision was proximately caused by the negligence of Defendants in one or more of the following particulars:

- Failing to act as a reasonably prudent driver under the same or similar circumstances;
- Failing to timely apply his brakes;
- Failing to pay attention to his surroundings;
- Failing to maintain a single lane;
- Distracted driving;
- Failing to control his speed; and
- Other act and omissions that may be shown at the time of trial.

At all times material thereto, Defendant owed a duty of ordinary care consistent with the foregoing and breached each of these duties. These breaches were both a cause in fact and proximate cause of Plaintiff's severe injuries. Each of the foregoing acts and/or omissions taken together or individually constitute negligence and each proximately caused the collision and the injuries and damages sustained by Plaintiff.

### B. *Negligent Entrustment and Negligence of Defendant HSC Freight, Inc.*

Defendant HSC Freight was the owner of the tractor and entrusted it to Defendant Prasad. Defendant Prasad was a careless, incompetent, or reckless driver. HSC Freight knew or should have known that he was a careless, incompetent, or reckless driver. As described above, Defendant Prasad was negligent at the time of the collision that caused Plaintiff's injuries and damages. HSC Freight could reasonably have anticipated that entrusting a vehicle to a careless, incompetent, or reckless driver

3

would result in an injury.  HSC Freight and Defendant Prasad's negligence proximately caused Plaintiff's injuries and damages.

Further, the above described collision was caused by the negligence of HSC Freight in one or more of the following particulars:

- Failing to act as a reasonably prudent trucking company under the same or similar circumstances;

- Failing to properly train its driver;

- Failing to properly supervise its driver;

- Failing to develop policies and procedures related to driver cellphone use and distracted driving in HSC Freight vehicles; and

- Other acts and omissions that may be shown at the time of trial.

Defendant HSC Freight owed a duty of ordinary care consistent with the foregoing and breached each of these duties.  These breaches were both a cause in fact and proximate cause of Plaintiff's severe injuries. Each of the foregoing acts and/or omissions taken together or individually constitute negligence and each proximately caused the collision and the injuries and damages sustained by Plaintiff.

## VII.   DAMAGES

As a direct and proximate result of Defendants' negligence, Plaintiff suffered the following damages:

- Past and future physical pain and suffering;

- Past and future mental anguish;

- Past and future physical impairment;

- Past lost wages;

- Future loss of earning capacity;

- Past and future reasonable and necessary medical expenses;

4

Ex3_Federal Notice of Removal Appendix

○ All actual damages allowed under the law; and

○ Such other and further relief as the Court may deem just and proper.

## VIII.  RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against Defendants at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## IX.  NOTICE OF REQUIRED DISCLOSURES PURSUANT TO RULE 194

**Duty to Disclose.** Except as exempted by Rule 194.2(d) or as otherwise agreed by the parties or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties the information or material described in Rule 194.2, 194.3, and 194.4.

**Production.** If a party does not produce copies of all responsive documents, electronically stored information, and tangible things with the response, the response must state a reasonable time and method for production of these items. The responding party must produce the items at the time and in the method stated, unless otherwise agreed by the parties or ordered by the Court, and must provide the requesting party a reasonable opportunity to inspect them.

## X.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citation be issued and served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing Plaintiff does have and recover judgment against Defendants, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, exemplary damages, and all such other and further relief, in law and in equity, to which Plaintiff may show himself justly entitled.

Ex3_Federal Notice of Removal Appendix

Respectfully submitted,

LAW OFFICE OF RICHARD L. BARTON, III, PLLC

By:     _/s/ Richard "Trey" Barton, III_____
        **RICHARD "TREY" BARTON, III**
        SBN: 24089982
        4151 Southwest Freeway, Suite 675
        Houston, Texas 77027
        (832) 916-2526
        Fax: (832) 916-2646
        Email:  trey@treybartonlaw.com
        ***Attorney for Plaintiff***

6

Ex3_Federal Notice of Removal Appendix